No. 9182.

THE PEOPLE v. NATIONAL SURETY COMPANY.

PRINCIPAL AND SURETY—*Liability of Surety.*  A surety is not bound
beyond the letter of his contract.  The surety in the bond of
a public officer is responsible only for what the officer collects
by virtue of his office.

The County Clerk received from a company conducting an abstract
office certain moneys, as his compensation for furnishing,
daily, a memorandum of each document filed in the office.
There being no provision of law requiring this service, *Held*
that the surety was not liable for the moneys so collected.

*Error to Arapahoe District Court, Hon. H. S. Class, Judge.*

*Department One.*

SAMUEL W. JOHNSON, District Attorney, and CHARLES
E. FRIEND, for The People.

GEORGE P. STEELE, for defendant in error.

Opinion by Mr. Justice Teller.

IN this action the plaintiff in error sought to recover of
the defendant in error, a surety on the official bond of one
Brown, a former Clerk and Recorder of Arapahoe County,
a sum of money which it was alleged he had collected, as
such officer, and retained for his own use.

The trial court gave judgment for the defendant.

The bond is in the usual form, conditioned upon said
officer's faithfully performing the duties of his office, and
paying over all moneys coming "into his hands as such
clerk, as required by law."

The facts, as set forth in a stipulation, are:
"that while the defendant Brown was County Clerk and
Recorder of Arapahoe County, he made an agreement with
the Record Abstract Company and the Arapahoe Abstract
Company, that he would furnish to them daily transfers
of memorandum of every instrument filed in his office, for
which he was to receive the sum of ten cents per entry,

and that the amount claimed due is made up of an aggregate of such payments. That each item was in the nature of a memorandum of each transfer, and was not certified by him in his capacity as County Clerk and Recorder, and was made up either by Mr. Brown in person or by some one employed in his office. That the arrangement or agreement entered into was made as a matter of convenience to the abstract companies, and in addition thereto it was understood that the abstract companies would have the privilege, under reasonable regulations, of comparing the entry or entries so furnished to verify their correctness. That in pursuance to such arrangements with, and while Mr. Brown was Clerk and Recorder, he received from such abstract companies the sum of $1,395.25."

The only question to consider is: Were these collections made by Brown in his official capacity?

It is elementary that a surety is not bound beyond the letter of his contract, and, in such a case as this, his liability is only for an accounting by his principal for such sums as he collects by virtue of his office, i. e., as an official duty. The surety cannot be supposed to have contracted with reference to payments which he could not anticipate would be made; and what the range of such payments would be he could only determine by reference to the law which prescribes the duties of such officer.

We find nowhere in the statute anything from which it may be concluded that a clerk and recorder would, as a part of his duties, furnish the information for which these fees were received.

In the absence of any provision of law requiring the performance of the acts in question they cannot be said to have been performed officially. So far as the surety is concerned, the fees were not received by virtue of the office, because not paid for services which form a part of the prescribed duties of such office. The surety is not, therefore, liable for their misappropriation, if in fact misappropriated.

*Board v. Dickey,* 86 Minn. 331, 90 N. W. 775, relied upon by plaintiff in error, is not in point, since it was there held

that, under a proper interpretation of the statute, the services in question were required to be rendered, and hence the acts were official.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice White concur.